1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   JILL THORNSBERRY,

12                                        Plaintiff,

13          vs.

14   MICHAEL J. ASTRUE,

15                                        Defendant.

CASE NO. 10cv2459-JLS (MDD)

REPORT AND
RECOMMENDATION RE: CROSS
MOTIONS FOR SUMMARY
JUDGMENT

[Doc. Nos. 17 and 18]

16
17          This Report and Recommendation is submitted to United States District Judge Janis L.

18   Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3 of the United States

19   District Court for the Southern District of California.

20   **I.      Procedural History**

21          On May 1, 2008, Plaintiff Jill Thornsberry filed an application for supplemental security

22   income under Title XVI of the Social Security Act.  (A.R. at 31.)  Plaintiff's application was

23   denied initially and on reconsideration.  Id.  Plaintiff appealed and a hearing was held before an

24   Administrative Law Judge ("ALJ") on April 28, 2010.  On April 30, 2010, the ALJ issued a ruling

25   denying Plaintiff's claim.  (A.R. at 15.)  On November 30, 2010, Plaintiff filed a Complaint

26   challenging the ALJ's ruling.  (Doc. No. 1.)  On April 29, 2011, Plaintiff filed a Motion for

27   Summary Judgment.  (Doc. No. 17.)  On May 31, 2011, Defendant Michael J. Astrue filed a Cross

28   Motion for Summary Judgment.  (Doc. No. 28.)

1   Plaintiff's application alleges various physical and mental symptoms that developed in
2   early January, 1991 and have progressively worsened, including depression, asthma, and back
3   pain. (A.R. at 191). Plaintiff continued to work until February, 2007, but contends that her
4   physical and mental symptoms rendered her unable to continue working. (A.R. at 20, 191).
5   Plaintiff's last job was as a location scout and manager for a film company. (A.R. at 20).
6   Previously, Plaintiff attended four or more years of college, obtained a real estate license, and
7   worked in various capacities for television and film companies. (A.R. at 20, 192, 199).

8   Plaintiff was treated for several years at East County Mental Health Clinic before being
9   discharged in January 2008. (A.R. at 240, 255). Plaintiff was then transferred to Heartland Center
10  where she was treated by several physicians, including Drs. Tabacaru and Sivstov.

11  At her hearing, Plaintiff was found to have the following severe impairments: asthma;
12  mitral valve regurgitation; lumbar sprain; degenerative disc disease of the lumbar spine; cervical
13  sprain; moderate disc protrusions of the cervical spine; right shoulder impingement syndrome;
14  bilateral carpal tunnel syndrome; bilateral chondromalacia; gastro esophageal reflux disease;
15  hypothyroidism; bilateral plantar fasciitis; a major depressive disorder; and a personality disorder.
16  (A.R. at 11).

17  **II.   Legal Standard**

18  The supplemental security income program established by Title XVI of the Act provides
19  benefits to disabled persons without substantial resources and little income. 42 U.S.C. § 1383. To
20  qualify, a claimant must establish an inability to engage in "substantial gainful activity" because of
21  a "medically determinable physical or mental impairment" that "has lasted or can be expected to
22  last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). The
23  disabling impairment must be so severe that, considering age, education, and work experience, the
24  claimant cannot engage is any kind of substantial gainful work that exists in the national economy.
25  42 U.S.C. § 1382(a)(3)(B).

26  The Commissioner makes this assessment through a five-step analysis. First, the claimant
27  must currently be not working. 20 C.F.R. § 416.920(b). Second, the claimant must have a
28  "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence of the claimant's

impairment is compared to a list of impairments that are presumed severe enough to preclude work. 20 C.F.R. § 416.920(d).  If the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. § 416.920(d).  Fourth, if the claimant can do his past work, benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 416.920(f).  The last two steps of the analysis are required by statute. 42 U.S.C. § 1382(a)(3)(B).

In addition, when evaluating the severity of a claimant's alleged mental impairments, the Commissioner uses a "special technique" at each level of the review process.  20 C.F.R. § 416.1520a.  In order to be considered disabled under the Act, the claimant must have: (1) a medically determinable mental impairment(s), 20 C.F.R. § 416.1520a(b)(1)[4], and (2) exhibit specified functional limitations as a result of that impairment(s) that prohibit the claimant from engaging in any gainful activity. 20 C.F.R. § 416.1520a(b)(2).  If the claimant has a medically determinable mental impairment but does not exhibit the requisite functional limitations, the claimant may nevertheless still be considered disabled if the claimant exhibits clusters of symptoms or a syndrome that indicate the inability to engage in gainful activity. 20 C.F.R. § 404.1520a(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.A. (impairment(s) must either pose functional limitations or cause symptoms or a syndrome to support a finding of disabled).

Section 1383(c)(3) of the Social Security Act, through Section 405(g) of the Act, allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. §§ 1383(c)(3), 405(g).  The scope of judicial review is limited, however, and the Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433(9th Cir. 1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance.

---

[4]There are nine diagnostic categories that the Act considers to be medically determinable mental impairment(s): Organic mental disorders (12.02); schizophrenic, paranoid, and other psychotic disorders (12.03); affective disorders (12.04); mental retardation (12.05); anxiety related disorders (12.06); somatoform disorders (12.07); personality disorders (12.08); substance addiction disorders (12.09); and autistic disorder and other pervasive developmental disorders (12.10). 20 C.F.R.Pt. 404, Subpt. P, App. 1 § 12.00.A.

1  Sandqathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  "[I]t is such relevant evidence as a

2  reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting Andrews v.

3  Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The court must consider the record as a whole,

4  weighing both the evidence that supports and detracts from the Commissioner's conclusions.

5  Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576, (9th Cir. 1988).  If the

6  evidence supports more than one rational interpretation, the court must uphold the ALJ's decision.

7  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).  When the evidence is inconclusive,

8  "questions of credibility and resolution of conflicts in the testimony are functions solely of the

9  Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

10      The ALJ has a special duty in social security cases to fully and fairly develop the record in

11  order to make an informed decision on a claimant's entitlement to disability benefits.  DeLorme v.

12  Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  Because disability hearings are not adversarial in

13  nature, the ALJ must "inform himself about the facts relevant to his decision," even if the claimant

14  is represented by counsel.  Id. (quoting Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983)).

15      Even if the reviewing courts finds that substantial evidence supports the ALJ's conclusions,

16  the court must set aside the decision if the ALJ failed to apply the proper legal standards in

17  weighing the evidence and reaching his or her decision.  Benitez v. Califano, 573 F.2d 653, 655

18  (9th Cir. 1978).  Section 405(g) permits a court to enter a judgment affirming, modifying or

19  reversing the Commissioner's decision. 42 U.S.C. § 405(g).  The reviewing court may also remand

20  the matter to the Social Security Administrator for further proceedings.  Id.

21  **III.    Discussion**

22      In her Motion, Plaintiff alleges that the ALJ's ruling is based on two reversible errors: that

23  the ALJ improperly rejected the opinions of Plaintiff's treating physicians in favor of non-treating

24  sources; and, that the ALJ improperly rejected Plaintiff's testimony about her disabling pain.

25  Defendant, on the other hand, contends that the ALJ's decision was free from reversible error and

26  should be upheld.

27  / / /

28  / / /

**A.**     **Treating Source Opinion**

In her Motion, Plaintiff contends that the ALJ failed to provide clear and convincing reasons to reject the opinion of Plaintiff's treating psychiatrists.  (Doc. No. 17 at 4).  Plaintiff alleges that the ALJ improperly based his mental residual functional capacity ("RFC") assessment of the Plaintiff on the opinions of the non-examining state agency physicians, rather than on the opinions of Plaintiff's treating physicians.  Defendant counters that the opinions of the state agency physicians are supported by the objective medical evidence on record and thus the ALJ was entitled to rely on them.  (Doc. No. 18 at 12).  Defendant also contends that the ALJ's decision was proper because under Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1989), the ALJ could not adopt a finding that the Plaintiff was disabled unless the Plaintiff rebutted the presumption of continuing nondisability created by a prior unfavorable decision.  Id.

When the opinion of a treating physician is contradicted by another source, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  Plaintiff is correct that the opinion of a nonexamining physician, by itself, does not constitute substantial evidence sufficient to overturn the opinion of a treating source.  Id.  When combined with other evidence in the record, however, the opinion of a nonexamining source can be used over the contrary opinion of a treating source.  Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996); Magallanes v. Bowen, 881 F.2d 747 (9th Cir. 1989).  For example, the Magallanes court upheld an ALJ's decision to reject the opinion of a treating source in favor of a nonexamining source when the ALJ also relied on objective medical evidence in the record, contrary reports from the examining sources, and testimony from the claimant that conflicted with the treating source's opinion.  Magallanes, 881 F.2d at 751-55.

Here, Plaintiff contends that she received treatment from several doctors at Heartland medical facility.  Plaintiff points to psychiatric review forms submitted by Drs. Sivtsov and Tabacaru that she contends the ALJ should have relied on.  On April 29, 2008, Dr. Sivstov filled out a psychiatric review form for Plaintiff, and diagnosed Plaintiff with a depressive disorder.  (A.R. at 531, 532).  Dr. Sivtsov listed Plaintiff's limitations as "marked" in her daily activities,

moderate in her social functioning, marked in maintaining concentration, persistence, or pace, and found that Plaintiff suffered episodes of decompensation up to two times a week, and for extended durations.  (A.R. at 534).  In 2009, Dr. Tabacura submitted a review form listing symptoms similar to those in Dr. Sivstov's review, and finding that Plaintiff's social functioning limitations were marked, rather than moderate.  (A.R. at 604).  Plaintiff contends that these symptoms contradict the ALJ's RFC finding, and render Plaintiff unable to work.  Rather than accept these reports regarding Plaintiff's functional capacity, the ALJ instead relied on the opinions of the state agency physicians.  Plaintiff asserts that these opinions, by themselves, do not constitute the substantial evidence necessary to reject the opinion of a treating source, and thus the ALJ could not reject the findings of Plaintiff's physicians.  (Doc. No. 17 at 8).

Defendant counters that the ALJ was entitled to reject the findings of Plaintiff's physicians because they are not supported by the objective medical evidence on record.  Defendant contends that the ALJ properly relied on the state agency physicians, whose opinions were supported by the record and complied with the Social Security guidelines.  These physicians found less severe impairments and provided a less limited functional assessment, which the ALJ ultimately adopted.  (Doc. No. 18 at 12).  First, Dr. Khan, a state agency psychiatrist, found that Plaintiff's mental impairment was nonsevere.  (A.R. at 35).  Dr. Khan found that Plaintiff's condition was controllable with medication, and therefore could not be basis for disability.  Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).  Furthermore, Dr. Gregg, a second state agency psychiatrist, reviewed the record and also found Plaintiff's condition to be nonsevere, and accordingly provided a more moderate RFC finding.

As an initial matter, the ALJ's rejection of any opinions offered by Plaintiff's doctors that Plaintiff is unable to work or is disabled was appropriate.  A finding, even by a treating physician, that the plaintiff is "disabled" or "unable to work" is not entitled to any special significance.  20 C.F.R. § 404.1527(e)(3); Social Security Ruling 96-5p.  Those findings are not medical opinions, but administrative findings reserved to the commissioner exclusively.  Id.  Thus, the ALJ did not commit error in rejecting those particular findings.

In his opinion, the ALJ provided specific and legitimate reasons for rejecting the opinions

of Plaintiff's physicians. The ALJ noted that Dr. Tabacaru and Sivtsov's assessments were inconsistent with the evidence on record and Plaintiff's daily activities. (A.R. at 13-14).

The ALJ's decision that Plaintiff's physicians' opinions were not supported by the record was appropriate. Dr. Tabacaru's opinion that Plaintiff had extreme signs and symptoms was not supported by any clinical findings in Plaintiff's treatment notes. Plaintiff's mental status examination showed no abnormalities in thought processes or thought content, and normal behavior (A.R. at 610, 612), conclusions shared by Dr. Sivstov's treatment notes (A.R. at 283-285). Dr. Tabacaru's finding that Plaintiff's medication caused extreme side effects was likewise not supported by the record. The only treatment note in the record that commented on side effects from medication does not list any extreme reactions. (A.R. at 602). Furthermore, the ALJ noted that Plaintiff's records from Heartland indicate that Plaintiff was seen primarily for medication support and often cancelled appointments, and that the record lacked ongoing, in-depth mental status evaluations, all of which undermined a finding that Plaintiff was unable to work. (A.R. at 13-14). These inconsistencies created an ambiguity in the record, and it is the ALJ's duty to resolve such ambiguities. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Lester, 81 F.3d at 830-31. The ALJ, after properly discounting the treating physicians' opinions that Plaintiff was disabled, ultimately decided that the remaining portions conflicted with the objective evidence on record, while the opinions of the state physicians were well-supported. (A.R. at 12-14). Accordingly, the ALJ was within his discretion to discount the opinions of the treating physicians, and adopt the opinions of the non-examining state physicians. Id.

Defendant also contends that the ALJ was required to accept the less restrictive RFC finding under a presumption of continuing nondisability created by a prior unfavorable decision. (Doc. No. 18 at 11). In November 2004, an ALJ at a separate hearing found that Plaintiff could perform unskilled work with no close or frequent interpersonal contact with supervisors, co-workers and the public. (A.R. at 71). Under Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1989), the plaintiff bears the burden of rebutting a presumption created by a previous unfavorable decision. The plaintiff can do so by proving that his or her condition has worsened or that there are other changed circumstances that would indicate greater limitations. Fair, 885 F.2d at 600. Defendants

1    note that the state agency physicians, rather than finding that Plaintiff's condition had deteriorated,

2    found that Plaintiff was doing well and that her symptoms were responding to and could be

3    controlled by medication.  (Doc. No. 18 at 12).  Defendant notes that Drs. Khan and Gregg

4    actually found that Plaintiff's condition was nonsevere, but were required under Chavez to accept

5    the ALJ's prior RFC finding, which the ALJ adopted.  Id. at 18-19.  Thus, according to

6    Defendants, the ALJ's finding was actually far more favorable to Plaintiff than the objective

7    medical evidence would support, which further discredits the findings of Plaintiff's physicians,

8    and also serves as an independent ground for upholding the ALJ's decision.  While the Court finds

9    that the ALJ's decision was proper regardless of Chavez, the Court will analyze whether Chavez

10   can serve as an additional rationale.

11           First, there is a question whether the ALJ actually applied Chavez in his opinion.  The ALJ

12   does not specifically mention Chavez in discussing his decision to reject the opinions of Plaintiff's

13   physicians or arriving at his RFC finding.  Plaintiff, though not addressing Chavez specifically,

14   correctly notes that the Court cannot uphold an ALJ's decision based on a post-hoc argument not

15   relied on by the ALJ in his opinion.  Warre v.Comm'r of Soc Sec., 439 F.3d 1001, 1005 (9th Cir.

16   2006).  Defendant contends that even though the ALJ does not describe his reliance on Chavez in

17   determining Plaintiff's functional capacity, the argument is not post hoc because the ALJ relied on

18   the opinion of Dr. Gregg, who explicitly relied on Chavez.  (Doc. No. 18 at 13, fn 3).

19           So long as the ALJ credits the interpretation of an expert on the record, the argument

20   presented by that expert will not be considered post hoc.  Warre, 439 F.3d at 1005, fn.3.  Here, the

21   ALJ explicitly based his findings regarding Plaintiff's disabilities and functional capacity on the

22   opinions of the state agency physicians who did apply Chavez in their analysis.  (A.R. at 13-14).

23   Furthermore, the ALJ acknowledged that the case was governed by Chavez in his opinion, stating

24   "in accordance with the prior ALJ decision and Chavez, the claimant can perform sedentary work

25   activity and is capable of performing other work existing in significant numbers in the national

26   economy."  (A.R. at 8).  The ALJ also questioned Plaintiff's attorney regarding Chavez at the

27   hearing, asking "This is a Chavez case then?" and noting "There is a presumption of non-

28   disability."  (A.R. at 19).  Accordingly, the Court may consider the ALJ's reliance on Chavez.

1  <u>Chavez</u> further supports the ALJ's decision to reject the opinions of Plaintiff's examining

2  physicians.  Even if the Court declined to credit this argument, however,  the ALJ still provided

3  sufficient grounds for rejecting the opinions of Plaintiff's treating physicians.  Accordingly, the

4  Court **RECOMMENDS** that Plaintiff's Motion be **DENIED** on this ground and that Defendant's

5  Motion be **GRANTED**.

6      **B.**    **Credibility**

7          In her Motion, Plaintiff contends that the ALJ erred by rejecting Plaintiff's testimony

8  regarding her symptoms.  (Doc. No. 17 at 9).  Plaintiff states that the ALJ failed to provide clear

9  and convincing reasons why Plaintiff's testimony was not credible.  While the Plaintiff

10  acknowledges that the ALJ did state specific reasons for rejecting Plaintiff's testimony, Plaintiff

11  contends that these reasons are inadequate and not supported by the record.  (Doc. No. 9).

12  Defendant counters that the ALJ provided numerous reasons that justify finding Plaintiff not

13  credible.

14          An ALJ is not "required to believe every allegation of disabling pain" or other impairment.

15  <u>See</u> <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989).  However, an ALJ must provide specific,

16  cogent reasons for rejecting a plaintiff's testimony.  <u>Morgan v. Commissioner of Soc. Sec. Admin</u>,

17  169 F.3d 595, 599 (9th Cir. 1999); <u>Lester</u>, 81 F.3d at 834.  The reasons provided by the ALJ must

18  be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

19  claimant's testimony.  <u>Thomas</u>, 278 F.3d at 958.  The factors that an ALJ may consider in deciding

20  whether to reject a claimant's testimony are specified in the Social Security Administration rules,

21  and the ALJ may not cite to reasons which do not comport with the Agency's rules.  <u>Orn v. Astrue</u>,

22  495 F.3d 625, 635-37 (9th Cir. 2007).  Those reasons include "reputation for truthfulness,

23  inconsistencies in the testimony or between testimony and conduct, daily activities, and

24  unexplained or inadequately explained failure to seek treatment or follow a prescribed course of

25  treatment.'" <u>Id.</u> at 636 (citing <u>Fair</u>, 885 F.3d at 603).

26          According to Plaintiff, the ALJ gave the following reasons for rejecting Plaintiff's

27  testimony: Plaintiff's daily activities were inconsistent with her alleged impairments; Plaintiff was

28  able to interact with friends and family; and Plaintiff failed to keep mental health appointments.

(Doc. No. 17 at 10-11). While the ALJ did rely in part on those reasons, the ALJ also provided additional reasons for rejecting Plaintiff's testimony. (A.R. at 12-13). The ALJ noted that Plaintiff's statements regarding her symptoms were not supported by the objective evidence on record. Id. Additionally, the ALJ noted that Plaintiff had been discharged from treatment for causing property damage and threatening medical staff. Id. The Court finds that the ALJ provided specific and cogent reasons to support finding Plaintiff not credible.

First, the ALJ is permitted to question a plaintiff's claim of disabling symptoms when those claims are inconsistent with the plaintiff's daily activities. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Fair, 885 F.3d at 603. Plaintiff notes that "[d]isability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987). Here, however, Plaintiff's ability to live alone, take care of her dogs, do dishes and laundry, drive herself, shop, handle her own finances, and interact with others (A.R. at 13) all undermine Plaintiff's claims that she suffers disabling pain. Fair, 885 F.3d 853; Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995); 20 C.F.R. § 416.929.

Second, Plaintiff's failure to follow a prescribed course of treatment is a valid reason for questioning Plaintiff's credibility. Fair, 885 F.3dd at 603; 20 C.F.R. § 404.1530. Plaintiff contends that she missed appointments because "she had trouble getting out of bed, never mind going to doctors' appointments." (A.R. at 25). This argument, however, is not supported by the evidence on record or Plaintiff's own testimony. Id. Furthermore, the record indicates that Plaintiff failed to take her prescribed medication, which had been shown to significantly reduce her symptoms. (A.R. at 257, 610). Accordingly, the ALJ was permitted to consider Plaintiff's failure to take medication and follow her prescribed treatment plan in considering whether Plaintiff's claims of disabling symptoms were credible.

The ALJ's finding that Plaintiff's testimony regarding her disabling symptoms was not credible was supported by specific and cogent reasons. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion be **DENIED** on this ground and Defendant's Motion be **GRANTED**.

/ / /

1   / / /

## IV.  Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED** and Defendant's Motion be **GRANTED**.  This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988).  Any party may filed written objections with the court and serve a copy on all parties by **February 13, 2012**.  The document shall be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed by**February 27, 2012**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED:  January 23, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge