UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL THORNSBERRY,<br><br>                    Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 10CV2459 JLS (WVG)<br><br>**ORDER (1) ADOPTING R&R; (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 17, 18, 21) |

Presently before the Court is Magistrate Judge Mitchell D. Dembin's report and recommendation ("R&R") advising the Court to deny Plaintiff Jill Thornsberry's ("Plaintiff") motion for summary judgment, (Pl.'s MSJ, ECF No. 17), and grant Defendant Michael J. Astrue's ("Defendant") motion for summary judgment, (Def.'s MSJ, ECF No. 18). (R&R, ECF No. 21) Also before the Court are Plaintiff's objections to the R&R. (Obj., ECF No. 22).

**BACKGROUND**

Magistrate Judge Dembin's R&R contains a thorough and accurate recitation of the facts and procedural history underlying Plaintiff's appeal of the denial of her application for supplemental security income under Title XVI of the Social Security Act. (R&R 1–2, ECF No. 21) This Order incorporates by reference the facts as set forth in the R&R. Defendant did not file objections to the R&R. Plaintiff objected to the R&R on February 13, 2012. (Obj., ECF No. 22)

## LEGAL STANDARDS

### 1. District Court Review of a Report and Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

### 2. Review of Denial of Disability Claim

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing Court will reverse the Commissioner's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Tidwell*, 161 F.3d at 601 (citing *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.1997)). This inquiry looks to the record as a whole. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). However, if the evidence supports more than one interpretation, the Court must uphold the Administrative Law Judge's ("ALJ") decision. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where, as here, the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir 2004) (citing 20 C.F.R. § 404.981).

//

In order to qualify for disability benefits, an applicant must show that she is "disabled," meaning (1) that she suffers from a medically determinable impairment that can be expected to last for a continuous period of twelve months or more, or would result in death, and (2) the impairment renders the applicant incapable of performing the work she previously performed or any other substantially gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), (2)(A). To evaluate the applicant's claim, an ALJ must apply a five-step analysis. 20 C.F.R. § 404.1520.

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, App. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A claimant bears the burden of proof with respect to the first four steps, but for the fifth step the burden shifts to the Commissioner. *Id.* (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

## ANALYSIS

In her motion and objections, Plaintiff asserts that the ALJ erred in (1) rejecting the opinions of Plaintiff's treating physicians and (2) rejecting Plaintiff's testimony regarding her disability. (Pl.'s MSJ, ECF No. 17); (Obj., ECF No. 22) The Court reviews de novo those portions of the R&R to which Plaintiff objects.

**1. Treating Physicians' Opinions**

*A. Summary of the R&R's Conclusions*

The R&R concluded that "the ALJ provided specific and legitimate reasons for rejecting the opinions of Plaintiff's physicians," (R&R 6–7, ECF No. 21), based on the ALJ's conclusion that Plaintiff's treating physicians' "assessments were inconsistent with the evidence on record and Plaintiff's daily activities," (*id.* at 7). Specifically, the R&R found that the ALJ correctly

determined that the treating physicians' opinions were not supported by any clinical findings in Plaintiff's treatment notes, and that Dr. Tabacaru's finding that Plaintiff suffered from extreme side effects from her medication was likewise uncorroborated by the treatment notes. (*Id.*) Given these ambiguities in the record, the R&R concluded that "the ALJ was within his discretion to discount the opinions of the treating physicians, and adopt the opinions of the non-examining state physicians." (*Id.* (citing Administrative R. ("AR") 12–14, ECF No. 12-2))

The R&R further concluded that *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), provided additional support for the ALJ's decision to reject the opinions of Plaintiff's treating physicians.[1] Under *Chavez*, the R&R found that plaintiff bore the burden of rebutting the presumption of continuing nondisability created by a November 2004 unfavorable decision. (R&R 7, ECF No. 21 (citing AR 71, ECF No. 12-3)) Finding that the ALJ explicitly relied on *Chavez*, the R&R determined that *Chavez* "further supports the ALJ's decision to reject the opinions of Plaintiff's examining physicians," (*id.* at 9), because Plaintiff was unable to demonstrate that her condition had worsened or that there were any other changes in her circumstances indicating greater limitations, (*id.* at 7).

## B. Objections to the R&R's Conclusions

Plaintiff asserts that the ALJ improperly credited the opinion of the nonexamining state agency doctors rather than crediting the assessments of Plaintiff's treating physicians. (Obj. 2–4, ECF No. 22) She contends that Magistrate Judge Dembin erred in rejecting the assessments from Plaintiff's treating physicians due to the fact that the treatment records "lacked ongoing, in-depth mental status examinations" because such evaluations are not required under the applicable regulations or Ninth Circuit case law, and because such evaluations are included in the record. (*Id.* at 2–3 (citing (R&R 7, ECF No. 21); (AR 599, 601, 610, ECF No. 12-9))) Additionally, Plaintiff argues that to the extent "the ALJ or the magistrate believed that the record[s] from the treating sources were ambiguous then the ALJ should have attempted to re-contact the treating source," rather than "summarily reject or draw inferences from such ambiguous, inconsistent or incomplete

---

[1] The R&R noted, however, that it found "that the ALJ's decision was proper regardless of Chavez." (R&R 8, ECF No. 21)

opinions." (*Id.* at 3) Additionally, Plaintiff argues that Magistrate Judge Dembin's reliance on *Chavez* was flawed given that "[t]here is new and material evidence in this case that was not before the previous ALJ evidencing a deterioration in Ms. Thornsberry's condition." (*Id.* at 3–4)

*C. Analysis*

*(1) Rejection of Treating Physicians' Opinions*

Generally, a treating physician's opinion is given more weight than a nontreating physician's opinion. *See* 20 C.F.R. § 404.1527; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) ("Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians."). An ALJ may reject opinions of treating physicians under certain circumstances, however. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

If the treating physician's opinion is contradicted by another physician the ALJ may reject the treating physician's opinion if the ALJ provides "'specific and legitimate reasons' supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (stating that a nonexamining physician's opinion must be "supported by other evidence in the record and [be] consistent with it"). Furthermore, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson*, 359 F.3d at 1195 (citations omitted).

Here, the ALJ gave "very little weight" to the opinions of Plaintiff's treating physicians because they were "inconsistent with the evidence of record."[2] (AR at 14, ECF No. 12-2) As to

---

[2] The ALJ also gave little weight to the treating physicians' opinions to the extent they "concern[ed] issues specifically reserved to the Commissioner," namely, whether Plaintiff was unable to work or was disabled. (AR 14, ECF No. 12-2) The R&R upheld the decision to reject these determinations, noting that "[a] finding, even by a treating physician, that the plaintiff is 'disabled' or 'unable to work' is not entitled to any special significance." (R&R 6, ECF No. 21 (citing 20 C.F.R. § 404.1527(e)(3)) Plaintiff does not object to this portion of the R&R, and the Court adopts is as it

1 Dr. Tabacaru, the ALJ discounted Dr. Tabacaru's mental functional capacity assessment and
2 global assessment of functioning ("GAF") scale score because they were "inconsistent with the
3 evidence of record and inconsistent with the claimant's activities of daily living functioning
4 levels." (*Id.* at 13–14) Specifically, Dr. Tabacaru reported that Plaintiff's "anxiety manifests
5 through racing thoughts, constant worry, & poor sleeping habits that reduce/slow the effectiveness
6 of recovery efforts, self care, and daily functioning," assigning a GAF score of 50. (AR 602, ECF
7 No. 12-9) The extreme signs and symptoms that a GAF score of 50 represents is not reflected by
8 the objective medical record, however, including Dr. Tabacaru's own treatment notes. (*See id.*
9 607–626)[3]

10 As to Dr. Patel, the ALJ discounted his opinions because they were "not supported by his
11 own treatment/progress notes." (AR 14, ECF No. 12-2); *see also Weetman v. Sullivan*, 877 F.2d
12 20, 23 (9th Cir. 1989) (upholding an ALJ's rejection of a treating physician's opinion because it
13 was "clearly inconsistent with the medical notes that [the physician] had made during
14 examinations"). For example, Dr. Patel wrote in an August 13, 2008, letter that Plaintiff was
15 "unable to work" due to "her multiple medical problems" and because "her condition at this time
16 has worsened." (AR 385, ECF No. 12-7) But Dr. Patel's July 2008 and August 2008 treatment
17 notes paint a different picture: they indicate that Plaintiff's pain was improving through
18 medication, that she was reducing her medication, and that she was participating in physical
19 therapy. (AR 388, 391, ECF No. 12-7)

20 Finally, as to Dr. Sivtsov, the ALJ found that though Dr. Sivtsov indicated that Plaintiff's
21 "depression resulted in moderate to marked limitations and repeated episodes of decompensation,"
22 the objective medical record lacked evidence to support this. (AR 14, ECF No. 12-2) Indeed, in

23

24 is not clearly erroneous.

25 [3] In addition, and as noted by the R&R, Dr. Tabacaru indicated that Plaintiff experienced
medication side effects of "drowsiness, lethargy, fatigue, dizziness, stomach upset, nausea." (AR 602,
26 ECF No. 12-9) To the contrary, however, Dr. Tabacaru's treatment notes indicate that Plaintiff either
did not have medication side effects, (*id.* at 612 (treatment notes indicating that Plaintiff is
27 experiencing no medication side effects); (*see also id.* at 599, 619, 622, 623, 625 (treatment notes
silent as to any medication side effects)), or those side effects do not match those listed in Dr.
28 Tabacaru's mental functional capacity assessment, (*id.* at 610 ("wired up")); *id.* at 613 ("agitated and
anxious")).

1 Dr. Sivtsov's March 2008 through May 2008 treatment notes, he consistently reported that
2 Plaintiff had "no [symptoms] of depression or mania," and that her mood was "fair."  (AR 283–85,
3 ECF No. 12-7)  This is directly contradictory with his indication in an April 29, 2008, Psychiatric
4 Review Form that Plaintiff was "depressed, overwhelmed, sad."  (AR 532, ECF No. 12-8); *see*
5 *also Pirtle v. Astrue*, 479 F.3d 931, 933 (8th Cir. 2007) ("When a treating physician's notes are
6 inconsistent with his or her residual functional capacity assessment, we decline to give controlling
7 weight to the residual functional capacity assessment.")

8       Based on the above noted inconsistencies between the objective medical record and the
9 treating physicians' opinions, the Court finds that there is substantial evidence to support the
10 ALJ's decision to give little weight to the opinions of Plaintiff's treating physicians.  The ALJ's
11 noting that "claimant was often a no show" to her scheduled appointments and that "the record is
12 lacking ongoing, in-depth mental status evaluations" merely supported his conclusion that the
13 treating physicians' opinions did not reflect what the objective medical evidence indicated.  (AR
14 14, ECF No. 12-2)  Accordingly, Plaintiff's objection on this basis is **OVERRULED**.

15 *(2) Failure to Re-Contact Treating Physicians*

16       Plaintiff also objects to the ALJ's rejection of the treating physicians' opinions, arguing
17 that "the ALJ should have attempted to re-contact the treating source," under 20 C.F.R.
18 § 404.1512(e).[4]  That section provides that the ALJ will recontact the treating phsyician "[w]hen
19 the evidence [the ALJ] receive[s] from [the] treating physician or psychologist or other medical
20 source is inadequate for [the ALJ] to determine whether [the claimant is] disabled."  20 C.F.R.
21 § 404.1512(e).[5]  This does not place a mandatory duty on the ALJ, but rather "[a]n ALJ is required

22

23     [4] Though Plaintiff raised this argument in her motion, (Pl.'s MSJ 8, ECF No. 17), Defendant did not address it in his response, (*see* Resp. in Opp'n to Pl.'s MSJ, ECF No. 19), and Magistrate
24 Judge Dembin did not consider it in the R&R, (*see* R&R, ECF No. 21).

25     [5] The section further provides that

26     [The ALJ] will seek additional evidence or clarification from [the claimant's] medical source when the report from [the claimant's] medical source contains a
27     conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable
28     clinical and laboratory diagnostic techniques. [The ALJ] may do this by requesting copies of [the claimant's] medical source's records, a new report, or a more detailed

1 to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a
2 disability determination." *Bayliss*, 427 F.3d at 1217 (citing *Thomas v. Barnhart*, 278 F.3d 947,
3 958 (9th Cir. 2002) ("[T]he requirement for additional information is triggered only when the
4 evidence from the treating medical source is inadequate to make a determination as to the
5 claimant's disability.")).

6 Here, the Court finds that the record was adequate and allowed the ALJ to make a proper
7 evaluation of Plaintiff's disability claim. Specifically, the objective medical evidence and the
8 nonexamining physicians' opinions, combined with the *Chavez* presumption of continuing
9 nondisability, *see infra*, constitute substantial evidence to uphold the ALJ's decision. Moreover,
10 to the extent that the ALJ may have erred by failing to recontact Plaintiff's treating physicians,
11 such error was harmless as there is substantial evidence in the record to support the ALJ's
12 decision. Thus, Plaintiff's objection on this basis is **OVERRULED**.

13 *(3) Reliance on* Chavez[6]

14 Finally, Plaintiff contends that Magistrate Judge Dembin's reliance on the *Chavez*
15 presumption of continuing disability was flawed because Plaintiff presented evidence that her
16 condition had worsened since the prior disability determination.[7] (Obj. 3–4, ECF No.22) Under
17 *Chavez*, "[t]he claimant, in order to overcome the presumption of continuing nondisability arising
18 from the first administrative law judge's findings of nondisability, must prove 'changed
19 circumstances' indicating a greater disability." 844 F.2d at 693.

20 //

---

report from [the claimant's] medical source, including [the claimant's] treating source, or by telephoning [the claimant's] medical source.

23 20 C.F.R. § 404.1512(e)(1).

24 [6] Although the R&R determined that the ALJ's decision could be upheld without regard to the *Chavez* presumption, (*id.* at 9), the Court considers it here as additional support for the ALJ's decision not to recontact the treating physicians under 20 C.F.R. § 404.1512(e).

26 [7] The Court notes that Plaintiff provides no supporting argument for this contention, and does not point to any evidence in the record to support her assertion that there was new evidence before the ALJ "evidencing a deterioration in [her] condition." (Obj. 4, ECF No. 22) Moreover, Plaintiff does not object to Magistrate Judge Dembin's decision to credit Defendant's *Chavez* argument. Finding no clear error, the Court adopts the R&R to the extent it determined that the ALJ relied on *Chavez* to support his disability determination. (*See* R&R 8–9, ECF No. 21)

In November 2004, Plaintiff was denied disability benefits at a separate hearing based on a finding that she had "not been under a 'disability,' as defined in the Social Security Act." (AR 72, ECF No. 12-3) This created a presumption of continuing nondisability, which Plaintiff bore the burden to rebut. However, Plaintiff identifies no evidence in the record suggesting changed circumstances or that her condition had worsened since her previous denial. Accordingly, the Court **OVERRULES** Plaintiff's objection on this basis. The *Chavez* presumption provides additional support to uphold the ALJ's disability determination.

**2. Plaintiff's Credibility**

*A. Summary of the R&R's Conclusions*

The R&R concluded that "the ALJ provided specific and cogent reasons to support finding Plaintiff not credible." (R&R 10, ECF No. 21) Specifically, Magistrate Judge Dembin determined that "Plaintiff's ability to live alone, take care of her dogs, do dishes and laundry, drive herself, shop, handle her own finances, and interact with others . . . all undermine Plaintiff's claims that she suffers disabling pain." (*Id.* (citations omitted)) Moreover, the R&R noted that "Plaintiff's failure to follow a prescribed course of treatment is a valid reason for questioning Plaintiff's credibility." (*Id.*)

*B. Objections to the R&R's Conclusions*

Plaintiff objects to the R&R's upholding the ALJ's finding that Plaintiff was not credible. (Obj. 4–5, ECF No. 22) She contends that Magistrate Judge Dembin erred in concluding that Plaintiff's medication improved her condition, and in assuming that Plaintiff's ability to perform daily activities would transfer to the workplace. (*Id.*)

*C. Analysis*

The ALJ's reasons for rejecting a plaintiff's testimony must be clear and convincing. *Lester*, 81 F.3d at 834. In order to meet the clear and convincing standard, the ALJ must specifically state what facts in the record discredited the plaintiff's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). This requires the ALJ to provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834. This assures the reviewing court that the ALJ did not arbitrarily dismiss the plaintiff's testimony.

1 *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc).

2 While Plaintiff's subjective testimony "cannot be rejected on the sole ground that it is not 3 fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in 4 determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 5 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). Other evidence that may be 6 relevant to the ALJ's credibility determination includes "testimony about the claimant's daily 7 activities," or "unexplained, or inadequately explained, failure to seek treatment or follow a 8 prescribed course of treatment." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also* 20 9 C.F.R. § 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we 10 will not find you disabled . . . .").

11 Here, the ALJ determined that "the claimant's allegations of disabling pain and limitation 12 [were] inconsistent with the evidence of record and [were] therefore, not fully credible." (AR 13, 13 ECF No. 12-2) The ALJ noted Plaintiff's apparent ability to engage in normal daily activities, and 14 to interact with family and friends. (*Id.*) In addition, the ALJ remarked on Plaintiff's 15 "inconsistent . . . compliance with her psychiatric medications," and the fact that she "has a history 16 of no shows and cancelling appointments." (*Id.*) Taken together, the ALJ concluded that 17 Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms 18 [were] not credible." (*Id.*)

19 The Court finds that the ALJ's credibility determination was supported by specific and 20 cogent reasons. The evidence demonstrated that Plaintiff was able to perform light household 21 chores, handle money and pay bills, and interact with family and friends. (AR 366–67, ECF No. 22 12-7); (AR 604, ECF No. 12-9) Moreover, Dr. Tabacaru's treatment notes indicated numerous 23 cancelled appointments, no shows, and one occasion where Plaintiff left before seeing the doctor. 24 (AR 607–609, 611, 616–17, ECF No. 12-9) And the objective medical evidence further suggest 25 that Plaintiff was not fully compliant with her medications. (*Id.* at 610, 613, 623, 625) Thus, the 26 ALJ's reasons for finding Plaintiff's testimony incredible were clear and convincing.

27 Plaintiff contends that her failure to comply with her medication should be overlooked 28 because the treatment notes indicate that her "medications were not working." (Obj. 4, ECF

22) Even if the Court were to disregard Plaintiff's noncompliance, however, her reported daily functioning and failure to attend scheduled doctor's appointments independently support the ALJ's credibility determination. The Court therefore **OVERRULES** Plaintiff's objection on this basis.[8]

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** Magistrate Judge Dembin's R&R. Consequently, Plaintiff's motion for summary judgment is **DENIED** and Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

DATED: February 27, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[8] Plaintiff additionally objects because "there is no evidence that Ms. Thornsberry's daily activities would transfer to the workplace." (Obj. 4–5, ECF No. 22) This argument does not change the Court's finding as to the ALJ's credibility determination, however. Even assuming Plaintiff's daily activities would not transfer to the workplace, her admitted daily activities undermine her allegations of disabling pain and limitation, and were therefore relevant to the ALJ's credibility determination.